IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID L.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:22-CV-01169-HL

**OPINION AND ORDER**

HALLMAN, United States Magistrate Judge:

      Plaintiff David L. brings this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Act. 42 U.S.C. § 401 *et seq.* For the following reasons, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name for non-governmental parties and their immediate family members.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal citation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

**BACKGROUND**

**I.    Plaintiff's Application**

Plaintiff alleges disability based on dysarthria, difficulty walking, balance problems, problems holding and lifting things, fatigue, right hand weakness, and stroke. Tr. 234.[2] At the

---

[2] Citations to "Tr." are to the Administrative Record. (ECF 9).

time of his alleged onset date, he was 63 years old. Tr. 68. He has a high school education and past relevant work as a management trainee (DOT# 189.167-018), department manager (DOT# 299.137-010), sales representative, food products buyer (DOT# 260.357-014), and combination job of sales representative of food products and buyer. Tr. 22-23, 78-79.

Plaintiff protectively applied for DIB on March 5, 2019, alleging an onset date of December 31, 2017. Tr. 15. His application was denied initially on June 27, 2019, and on reconsideration on March 17, 2020. Tr. 67, 108-10. Plaintiff subsequently requested a hearing, which was held on May 5, 2021 before Administrative Law Judge ("ALJ") Elizabeth Watson. Tr. 44-66. A supplemental hearing to pose further questions to the vocational expert ("VE") was held on September 16, 2021. Tr. 28-43. Plaintiff appeared represented by counsel; VE Alice Bailey also testified. Tr. 28-66. On September 28, 2021, the ALJ issued a decision denying Plaintiff's claim. Tr. 12-27.

Plaintiff requested Appeals Council review, and on July 28, 2022, the Appeals Council denied review. Tr. 1-6. Plaintiff then sought review before this Court.[3]

## II.   Sequential Disability Process

The initial burden of proof rests on the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

---

[3] The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636. (ECF 4).

PAGE 3 – OPINION AND ORDER

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### III.  The ALJ's Decision

At step one, the ALJ determined that Plaintiff did not engage in substantial gainful employment from the alleged onset date of December 31, 2017 through his date last insured of December 31, 2018. Tr. 17.

At step two, the ALJ determined that Plaintiff has the following severe impairments: obesity, history of renal abscess and left nephrectomy, history of cancer of colon-cecum with surgical resection, encephalopathy, heart disease/coronary artery disease with history of ST elevation myocardial infarction, degenerative joint disease of the left hip with history of total hip arthroplasty, and hypertension. Tr. 17.

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 19. The ALJ then resolved that Plaintiff had the residual function capacity ("RFC") to perform less than the full range of light work, with the following limitations:

> Lifting and/or carrying 20 pounds occasionally and 10 pounds frequently. The claimant was limited to standing and/or walking for a total of about six hours and sitting for a total of about six hours in an eight-hour workday with normal breaks. They were limited to frequent climbing of ramps or stairs and frequent climbing of ladders, ropes, or scaffolds. The claimant was limited to frequent stooping, kneeling, crouching, and crawling. He was limited to jobs that require no more than frequent communication with the general public, coworkers, and supervisors.

Tr. 19.

At step four, the ALJ found that Plaintiff had past relevant work as a management trainee, sales representative of food products, and combination job of sales representative of food products and buyer, none of which required the performance of work-related activities precluded by the claimant's residual functional capacity. Tr. 22.

The ALJ therefore found that Plaintiff was not disabled at any time from December 31, 2017, the alleged onset date, through December 31, 2018, the date last insured. Tr. 23.

## DISCUSSION

Plaintiff alleges three errors: (1) the ALJ failed to provide clear and convincing reasons to discount Plaintiff's symptom testimony; (2); the ALJ failed to provide germane reasons for discounting lay witness testimony and (3) the ALJ failed to support her RFC determination with substantial evidence. For the reasons discussed below, the court affirms.

**I.     Symptom Testimony**

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of his symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the claimant must produce objective medical evidence of one or more impairments that could reasonably be expected to produce some degree of symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant need not show that the impairment could reasonably be expected to cause the severity of the symptoms, but only show that it could reasonably have caused some degree of the symptoms. *Id.*

Second, the ALJ must assess the claimant's testimony regarding the severity of the symptoms. *Id.* The ALJ can reject the claimant's testimony "only by offering specific, clear and convincing reasons for doing so." *Id.* Thus, the ALJ must specifically identify the testimony that

they do not credit and must explain what evidence undermines the testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). In other words, the "clear and convincing" standard requires an ALJ to "show [their] work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

General findings are insufficient to support an adverse determination; the ALJ must rely on substantial evidence. *Holohan*, 246 F.3d at 1208. To discredit a Plaintiff's testimony regarding the degree of impairment, the ALJ must make a "determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). The question is not whether ALJ's rationale convinces the court, but whether their rationale "is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

A. *Testimony*

With respect to physical conditions, Plaintiff described issues with using his right hand for things like shaking salt or using a wrench and indicated that he is slower in performing his daily activities. Tr. 57-58. As for his mental health conditions, Plaintiff testified that his ability to work was limited by his speech issues, his forgetfulness and his inability to concentrate. Tr. 53. For example, he could not remember the exact year he stopped working because his "mind doesn't remember things like that." Tr. 50. He indicated that his speech is slurred and that he has good days and bad days. Tr. 54.

After summarizing Plaintiff's hearing testimony, the ALJ determined that his medically determinable impairments could reasonably be expected to produce some degree of symptoms, but his "statements concerning the intensity, persistence and limiting effects of [his alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record

for the reasons explained in this decision." Tr. 20. In discounting the testimony, the ALJ relied on two rationales: that Plaintiff improved with treatment; and that the testimony conflicts with his daily activities. Plaintiff argues these are not clear and convincing reasons, supported by substantial evidence, for discounting his testimony. The Court addresses each rationale in turn.

      B.     *Improvement with Treatment*

An ALJ may reject a claimant's symptom testimony if that testimony is contradicted by evidence in the medical record. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). If the record shows a claimant's symptoms have improved with treatment, that improvement is "an important indicator of the intensity and persistence of ... symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The Ninth Circuit has held that "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

Here, the ALJ concluded that Plaintiff's conditions improved with treatment, which undermined his hearing testimony concerning the severity of his symptoms. Tr. 20-21. As noted above, an ALJ should consider the type and effectiveness of treatment in weighing the claimant's allegations. 20 C.F.R. § 404.1529(c)(3)(iv)-(v). Plaintiff went to the hospital in December 2017 for removal of a malignant polyp and then again for septic shock related to the surgery. Tr. 404. In January 2018, the month after his alleged onset of disability, Plaintiff claimed that he had slurred speech following these hospitalizations, but his doctor did not know the cause. Tr. 1581. At the administrative hearing, Plaintiff claimed, "as far as work I'm pretty much worthless because of my speech." Tr. 53. Plaintiff claimed his speech was getting worse, not better. Tr. 54-55. Plaintiff also complained of forgetfulness and difficulty concentrating. Tr. 54-55.

Although Plaintiff's speech condition had not completely resolved in January 2018, his impairment was only mild: he was intelligible when speaking in short phrases or sentences, and 80% intelligible when reading a paragraph. Tr. 1581. Plaintiff's doctor recommended speech therapy to improve his intelligibility. Tr. 1581. Plaintiff quickly "demonstrated progress" in improving his articulation, but opted to continue speech therapy. Tr. 1590. For all conditions other than slurred speech, Plaintiff had "returned to baseline" and was independent with his activities of daily living in February 2018, less than two months after his alleged onset of disability. Tr. 1590. Later that month, Plaintiff had "resumed lifting weights" and reported that his slurred speech was "on an improving trajectory." Tr. 1362. In May 2018, Plaintiff acknowledged that his speech had been "stable since January" with only "intermittent problems." Tr. 460. A mental status examination showed normal attention, concentration, and memory. Tr. 462. In June 2018, Plaintiff continued to report improving speech, and he was "able to communicate with slowing his speech and carefully articulating the words." Tr. 1358. In October 2018, Plaintiff's condition was the same, simply requiring him to be "careful and thoughtful with his speech." Tr. 1356. The ALJ reasonably concluded that Plaintiff's allegedly disabling speech impairment improved dramatically with treatment.

Plaintiff contends that the "improvement with treatment" rationale is a post-hoc rationalization not in the ALJ's original opinion, and is not supported by substantial evidence. Pl. Reply, ECF No. 12 at 1-3. On review, the Court considers only those reasons relied upon by the ALJ, not defendant's post-hoc rationalizations. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (stating the court "is constrained to review the reasons the ALJ asserts"). Concerning Plaintiff's speech and physical symptoms, the ALJ did in fact consider the extent to which Plaintiff improved with treatment, and how that improvement tended to undermine his hearing

PAGE 9 – OPINION AND ORDER

testimony. *See, e.g.,* Tr. 21 (noting that "[s]peech improved with outpatient speech therapy"). This was therefore not a post-hoc rationalization, but one of the reasons the ALJ explicitly relied upon to discount Plaintiff's symptom testimony. And, as indicated above, the ALJ reasonably considered several instances of improvement with treatment in the record, and the Court finds substantial evidence supports the ALJ's conclusion. Plaintiff's arguments go to the weight of the evidence, and the Court may not "reweigh the evidence [and] substitute [its] own judgment" for the ALJ's. *Winans v. Bowen*, 853 F.2d 643, 644 (9th Cir. 1987).

In sum, the ALJ's reasoning for discounting Plaintiff's symptom testimony about his slurred speech and physical symptoms is clear and convincing and supported by substantial evidence, and the Court therefore upholds the decision to discount Plaintiff's testimony on the basis that his symptoms improved with treatment.

      C.    *Daily Activities*

The ALJ also discounted Plaintiff's subjective symptom testimony about both his physical and mental symptoms because it was inconsistent with his reported daily activities. Tr. 21-22. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills"; or (2) where the activities "contradict [a claimant's] testimony." *Orn, 495 F.3d at 639*.

At the hearing, Plaintiff testified that in addition to his speech problems, he had difficulty with balance and with using his right hand. Tr. 57-58 . Even when they do not show transferable work skills, daily activities "may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). Here, the ALJ specifically identified Plaintiff's reports about

PAGE 10 – OPINION AND ORDER

his difficulties with his speech, memory, balance, and right hand. Tr. 20. Then, the ALJ contrasted those reports with evidence showing that Plaintiff was more functional than he alleged. Tr. 20-22. Specifically, the ALJ noted that Plaintiff prepared his own meals, did laundry, cleaned the inside of the house, performed some household repairs, and shopped in stores. Tr. 258-59. Plaintiff also told his doctor that he was "staying active and finds that his automotive work is good physical therapy and developing his fine motor skills." Tr. 1356. The ALJ reasonably concluded that Plaintiff's allegations of physical and mental limitations conflicted with his daily activities.

Plaintiff argues that the ALJ's analysis was too vague because she merely "summarized records" without "identify[ing] any specific testimony to discount." ECF No. 10 at 6. On the contrary, the ALJ specifically identified Plaintiff's reports about his difficulties with his speech, memory, balance, and right hand, and identified which of Plaintiff's daily activities conflicted with his testimony about these symptoms. Tr. 20. It was reasonable for the ALJ to conclude that Plaintiff's activities showing normal attention, concentration, and memory, Tr. 18, conflicted with his testimony concerning his cognitive symptoms, and his ability to work with his hands and perform household chores undermined his testimony about balance issues and right hand pain. Tr. 258-9, 1356. This rationale provided another clear and convincing reason, supported by substantial evidence, for the ALJ to discount Plaintiff's subjective symptom testimony.

### III.   Lay Witness Testimony

Plaintiff next argues that the ALJ failed to provide a germane reason for rejecting his wife's statement regarding his symptoms. Pl. Br. at 10. Lay testimony concerning a claimant's symptoms or how an impairment affects the ability to work is competent evidence that an ALJ must take into account. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citation and

internal quotation omitted). The ALJ must provide "reasons germane to each witness" to reject such testimony. *Id.* (citation and internal quotation omitted).[4] However, failure to discuss or weigh third-party testimony is harmless where the ALJ validly discounts similar evidence. *See id*. at 1118-19 (ALJ's failure to comment upon lay witness testimony is harmless where "the testimony is similar to other testimony that the ALJ validly discounted, or where the testimony is contradicted by more reliable medical evidence that the ALJ credited").

Plaintiff's wife's third-party function report corroborated Plaintiff's own reports of his speech, and physical symptoms. Tr. 256-62. She indicated that his speech was slurred and it was difficult to understand him at times, he has difficulty holding and operating tools and objects with his right hand, he has difficulty finding his words, he is not as stable on his feet, he gets distracted and forgets basic tasks, she manages his chores in terms of what needs to be done and it takes him longer to do them, and it is more difficult for him to handle stress. Tr. 256-62.

The ALJ provided a germane, sufficient reason to reject this testimony. As indicated above, an ALJ may consider inconsistencies between the medical record and symptom testimony when deciding whether to credit that testimony. *Smartt*, 53 F.4th at 499 (9th Cir. 2022). At step three, the ALJ considered Plaintiff's wife's testimony, and rejected it as "not fully consistent with the treatment record." Tr. 22.

---

[4] The parties disagree about whether the Commissioner's revised regulations require the ALJ to articulate germane reasons for rejecting lay witness testimony. Defendant cites a recent Ninth Circuit case, noting it is still an "open question" whether ALJs must consider nonmedical source statements under the revised regulations. Def. Resp. Br. at 6, citing *Fryer v. Kijakazi*, No. 21-36004, 2022 WL 17958630, at *3, n.1 (9th Cir. Dec. 27, 2022) (unpublished). Courts within this District to consider the "open question" have uniformly found the "germane reasons" requirement survives the new regulations. *See, e.g., Blainey E. v. Comm'r, Soc. Sec. Admin.*, No. 6:21-CV-00737-MC, 2023 WL 2675149, at *8 (D. Or. Mar. 29, 2023); *Julie J. v. Comm'r, Soc. Sec. Admin.*, No. 6:21-CV-01384-HZ, 2023 WL 3002388, at *7 (D. Or. Apr. 18, 2023).

And, because this lay witness evidence largely mirrors Plaintiff's own, even if the ALJ failed to provide germane reasons for discounting it, any error was harmless. An ALJ's failure to provide germane reasons for rejecting lay witness evidence is harmless where an ALJ properly rejects a claimant's testimony and the lay witness evidence describes the same limitations. *Molina*, 674 F.3d at 1122. Here, the ALJ's clear and convincing reasons for discounting Plaintiff's self-reports, discussed above, apply equally well to the similar statements from Plaintiff's wife. *Compare* Tr. 248-55 (Plaintiff's function report) *with* Tr. 256-63 (Plaintiff's wife's report). Any error in analyzing these statements was therefore harmless.

## III.  RFC Determination

Plaintiff also contends that the ALJ's RFC is not supported by substantial evidence because it fails to account for all supported functional limitations. The RFC must contemplate *all* medically determinable impairments, including those which the ALJ found non-severe, and evaluate all the relevant testimony, including the opinions of medical providers and the subjective symptom testimony set forth by the claimant. 20 C.F.R. §§ 404.1545, 404.1545; SSR 96–8p. In formulating the RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only those limitations which are supported by substantial evidence must be incorporated into the RFC. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Here, Plaintiff's arguments that the RFC failed to account for all his functional limitations are specifically tied to the ALJ's rejection of Plaintiff's symptom testimony concerning his speech difficulties and memory. As noted above, the ALJ provided clear and convincing reasons—supported by substantial evidence—for discounting this symptom

PAGE 13 – OPINION AND ORDER

testimony. Thus, Plaintiff has not articulated an independent error here, and the Court finds the ALJ did not otherwise err in formulating the RFC.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

DATED this 17th day of May, 2023.

ANDREW HALLMAN
United States Magistrate Judge